687 So.2d 369 (1997)
STATE of Louisiana
v.
Brian Quincy BOWIE.
No. 96-K-2987.
Supreme Court of Louisiana.
January 31, 1997.
PER CURIAM:
Writ Granted. The decision of the Third Circuit to remand this case to the district court for further Boykin proceedings directed toward insuring the voluntariness of the defendant's no contest plea does not at this time require the exercise of our supervisory authority. The state need not, however, conduct a mini-trial to negate defenses which may reasonably be inferred from the circumstances of the offense but which have not been asserted by the defendant, apart from the plea bargaining process which resulted in a reduction of the charged offense, and which are, in any event, more properly decided at a trial both sides have agreed to forego by resolving their differences in the present plea. Cf. United States v. Allard, 926 F.2d 1237, 1242 (1st Cir.1991). The potential strength of the state's case and of any defenses reasonably suggested by the evidence may represent significant factors for the district court to weigh in accepting a proffered guilty plea which does not constitute an express admission of guilt, North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S.Ct. 160, 167-68, 27 L.Ed.2d 162 (1970), but the court does not necessarily commit constitutional error by accepting a guilty plea in a case in which the "evidence before the judge indicate[s] that there [is] a valid defense." Id., 400 U.S. at 31, 91 S.Ct. at 166 (parsing Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962)). It is enough in this case that the trial court satisfy itself that a factual basis exists for charging the defendant with an unjustified homicide; that the defendant has entered and maintains his no contest plea to the reduced charge; and, that that plea represents a knowing, voluntary and intelligent choice among the alternatives open to him. Alford, supra; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
JOHNSON, J., not on panel.