liPETERS, Judge.
The defendant, Brian Quincy Bowie, was originally charged by grand jury indictment with having committed the crime of manslaughter, a violation of La.R.S. 14:31. Prior to trial, the state amended the indictment to charge him with negligent homicide, a violation of La.R.S. 14:32. The defendant pled nolo contendere to the amended charge and was sentenced by the trial court to serve a period of five years at hard labor. The defendant appealed contending that his sentence was excessive. This court remanded the matter to the trial court with the following instructions:
[W]e remand the case to the trial court for further proceedings consistent with this opinion and with instructions that it shall conduct an additional Boykin hearing to determine whether a significant factual basis for the plea entered by defendant exists and whether the plea was freely and voluntarily entered as required by the principles articulated in [North Carolina v.] Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 [(1970)]. If at the conclusion of this hearing and after granting the State opportunity to present other evidence, the trial judge finds a legally ^sufficient factual basis exists to support the charged offense, he is instructed further to re-examine the sentence imposed in this case particularly considering the observation of this court and the Louisiana Sentencing Guidelines, in effect at the time of original sentencing, to determine whether the sentence imposed is appropriate and not excessive.
State v. Bowie, 95-795, pp. 7-8 (La.App. 3 Cir. 11/13/96); 684 So.2d 68, 73. In remanding the case to the trial court, this court was concerned primarily with whether a factual basis existed for the nolo contendere plea because the evidence presented in support of the plea interjected evidence tending to establish justifiable circumstances for the defendant’s conduct.
On the application of the state, the Louisiana Supreme Court granted writs but declined to exercise its supervisory authority. State v. Bowie, 96-2987 (La.1/31/97); 687 So.2d 369. Instead, it provided guidance to the trial court by noting:
The state need not, however, conduct a mini-trial to negate defenses which may reasonably be inferred from the circumstances of the offense but which have not been asserted by the defendant, apart from the plea bargaining process which resulted in a reduction of the charged offense, and which are, in any event, more properly decided at a trial both sides have agreed to forego by resolving their differences in the present plea.

Id.

The court went on to say that constitutional error would not necessarily result if the trial court decided on remand to accept the defendant’s nolo contendere plea although the record contained evidence of a valid defense to the charge. Id. The supreme court made no comment concerning this court’s instructions concerning the sentence.
On remand, the defendant maintained his nolo contendere plea and expressly indicated that it was freely and voluntarily entered. He specifically acknowledged his awareness of the self-defense plea available to him. Considering the additional articulation of the factual basis for the charge presented by the state and the [ ..¡defendant’s confirmation that he fully understood the nature of the charge and the defenses available to him, we are satisfied that the record, as it now stands, sufficiently supports the defendant’s conviction.
We had also instructed the trial court to reexamine the sentence imposed. In re-sentencing the defendant to the original sentence of five years at hard labor, the trial court simply stated: “I rely on my previous findings in considering the sentence, and will *1293 not reconsider the sentence any further.” In originally sentencing the defendant, the trial court made the following statement:
[Y]our attorney presented [the warning shot] as a way of mitigation that, you know, that this was some sort of a warning. But the Court takes it as an exhibition of your willingness to use a gun in this situation. It was a warning to others. But nevertheless it reflected to me that it was some intent, definitely an indication of intent to use the gun by shooting a warning shot. And I don’t see that it mitigates the circumstances at all in this case. In fact, I think it aggravates the circumstances in this case.
You received quite a bit of support from your community leaders and your church leaders that have written letters on your behalf. They’re attached to the report. I think overwhelmingly they are recommending probation. The Court finds that probation is not an alternative in this matter. There are aggravating circumstances in this case that do not warrant probation.
Your attorney pointed out in his presen-tence memorandum that there were some mitigating circumstances. The Court finds that the mitigating circumstances in this case have already been taken into account in reducing the charge according to the grand jury indictment of manslaughter to the charge of negligent homicide. I think in light of that, the mitigation has already been taken into consideration. Which primary the mitigation was the participation of the victim, involvement of the victim in this case and the acting under a threat, primary those two mitigating circumstances.
I think the fact that there was no premeditation is really as I stated kind of undermined by the fact that there was a warning shot. So I think there was some indication of intent. So I don’t think you could say that I could use that circumstance to mitigate the penalty in this case.
The aggravating circumstances— the most apparent one, the one that sticks out, that the Court has to give great weight to is the use of a dangerous weapon. The charge of negligent homicide does not in-elude that as an element of the offense. And the Court finds that that particular use of your own weapon that you admitted was in your car for that purpose for protecting yourself, but you also protected yourself and your ^property. I think under those circumstances this is a grave aggravating circumstance.
Also, there was danger to other people in that you fled from the scene in a high speed chase. There was some other people placed in danger from hits as pointed out in the presentence investigation that you drove the car through the parking lot and almost hit several people with your ear. That you’re also charged with hit and run and reckless operation of a vehicle, which is another aggravating circumstance.
The sentencing guidelines grid for negligent homicide places you in a grid— in the sentencing guidelines places you in a grid of one and a half to three years of hard labor. The Court finds that this is not appropriate grid for these particular circumstances because as I stated these are aggravating circumstances that do not apply to negligent homicide.
And I would point out that the offense of aggravated battery placed on the grid with no prior convictions would be' a minimum sentence of three years at hard labor to a maximum sentence of five years at hard labor.
Comparing these two crimes and . the circumstances of this case, the Court finds that the penalty warrants the maximum penalty oTfivfewears in this matter.
We find that the trial court did as we instructed — it reexamined the sentence imposed and found/nothing other than what it had previously articulated.
The defendant’s sentence was originally imposed at a/iime when the Louisiana Sentencing Guidelines were in effect. The Pre-Sentence /'Investigation and Sentencing Guidelines Report prepared by the Department of Public Safety and Corrections at the request of the trial court reflects that the suggested term of incarceration for the defendant’s crime, based on his record, is eighteen to thirty-six months. However, according to the report, this suggested sentence. *1294 falls within the discretionary range of the Guidelines such that the trial court could appropriately consider a suspended sentence. Clearly, the sentence imposed exceeds the Guidelines. The Louisiana Supreme Court in State v. Smith, 93-0402 (La.7/5/94); 639 So.2d 237, established the scope of review to be applied when a defendant complains that a sentence is excessive when it is in excess of the Guidelines. The court held as follows:
|s(l) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into . account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Id. at 240 (footnote omitted).
Therefore, our review on appeal for an excessive sentence necessitates two inquiries. The first is whether the trial court “considered” the Guidelines when determining the sentence and whether it adequately stated for the record the considerations and factual basis taken into account. The second inquiry is whether or not the sentence imposed is excessive under constitutional guidelines. Absent a manifest abuse of discretion, the sentence imposed by the trial court should not be set aside as excessive. La. Code Crim.P. art. 881.4(D).
The sentencing and resentencing transcripts clearly reveal that the trial court considered the Guidelines in imposing the sentence but that it found the Guidelines to be wholly inadequate under the circumstances of this case. In Smith, 639 So.2d 237, the supreme court abandoned the requirement that a sentence outside the Guidelines be supported by aggravating or mitigating circumstances; rather, aggravating and mitigating circumstances are only a part of the considerations to be used in determining the appropriate sentence. State v. Williams, 94-736 (La.App. 3 Cir. 12/7/94); 647 So.2d 597.
We find that the trial court considered the Guidelines and adequately stated for the record the considerations taken into account and the factual basis for those 16Considerations in deviating from the sentence recommended by the Guidelines. Having made this finding, we are limited to determining whether the sentence imposed is constitutionally excessive. See Smith, 639 So.2d 237.
La. Const. art. I, § 20 prohibits the imposition of excessive punishment. Even though a sentence is within the Sentencing Guidelines, it may be found to be constitutionally excessive. State v. Sweeney, 443 So.2d 522 (La.1983).
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentencing is grossly disproportionate if, when the crime. and punishment are considered in light of the harm done to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits.
State v. Bradham, 94-71, p. 3 (La.App. 5 Cir. 5/31/94); 638 So.2d 428, 430.
Although the defendant received the maximum sentence for negligent homicide, the sentence is far from the maximum possible sentence that he could have received. The defendant was originally charged with manslaughter, a violation of La.R.S. 14:31, which carries a maximum penalty of forty years at hard labor. Thus, as a result of his plea bargaining, the defenjdant was able to greatly reduce his exposure |to a possibly long-term incarceration.
In light of the recbrd and particularly the findings of the trial.court, we conclude that the sentence received by the defendant as a result of his plea bargaining was not exces *1295 sive. Although the sentence imposed by the trial judge exceeds the maximum sentence recommended in the Guidelines, when considered in light of the harm done to the victim and his family, the punishment chosen by the trial court for this crime is not so disproportionate as to shock our sense of justice and does not amount to a needless imposition of pain and suffering. Accordingly, we determine that the |7defendant’s sentence is not excessive, and we find no merit to the defendant’s assignments of error.
DISPOSITION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed in all respects.
AFFIRMED.
COOKS, J., dissents.