COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

FRANK ALLEN FREGIA, JR.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 26126-10
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir and Shannon J. Gremillion, Judges.

REMANDED WITH INSTRUCTIONS.

John F. DeRosier, District Attorney
Carla S. Sigler, Asst. District Attorney
Calcasieu Parish
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
Attorney for Appellee, State of Louisiana

Edward J. Marquet
Louisiana Appellate Project
P.O. Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
Attorney for Appellant, Frank Allen Fregia, Jr.

**Cooks, Judge**

## FACTS AND PROCEDURAL HISTORY

Frank Allen Fregia, Jr. (Defendant), was indicted on two counts of molestation of a juvenile, violations of La.R.S. 14:81.2(A). On May 11, 2011, one of the counts of molestation was amended to the lesser offense of indecent behavior with a juvenile, a violation of La.R.S. 14:81. Also on May 11, 2011, Defendant pled guilty to one count of indecent behavior with a juvenile, entering his plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). After the trial court advised Defendant of the *Boykin* rights that he was giving up by pleading guilty, and extensively discussed with Defendant the reasoning behind his "best interest" plea, the trial court found Defendant made a knowing and intelligent decision in his best interest and accepted the guilty plea. In return for agreeing to plead guilty, the State dismissed the remaining molestation charge against Defendant and agreed to not file a habitual offender bill. The trial court ordered a presentence investigation report.

On October 14, 2011, Defendant was sentenced to twenty-five years imprisonment, the maximum sentence. On October 28, 2011, a *pro se* "Motion to Reconsider Sentence" was filed. On December 6, 2011, defense counsel filed a "Motion to Reconsider Sentence." A hearing was scheduled for January 6, 2012, following which the trial court held the December motion was untimely filed, and denied the October *pro se* motion.

Defendant has perfected a timely appeal, alleging two assignments of error: 1) the trial court failed to determine whether a significant factual basis existed for a "best interest" plea in view of Defendant's claim of innocence, and 2) the sentence of twenty-five years imprisonment was excessive under the circumstances of the case. Defendant does not contest the validity of the guilty plea. He does not ask to

set aside the plea agreement. He states only that the "case must be remanded for further proceedings to determine whether such [a] significant factual basis exists for acceptance of the plea."

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent. After reviewing the record, we find there is one error patent.

Louisiana Revised Statutes 14:81(H)(2) requires at least two years of a sentence for indecent behavior with a juvenile be imposed without the benefit of parole, probation, or suspension of sentence. The trial judge failed to impose any portion of the sentence without benefits; thus, Defendant's sentence is illegally lenient. *State v. Sanmiguel*, 626 So.2d 957 (La.App. 3 Cir. 1993), *State v. Jones*, 02-1176 (La.App. 3 Cir. 2/5/03), 839 So.2d 439, *writ denied*, 03-886 (La. 11/7/03), 857 So.2d 516. As this error is not raised on appeal, it is not properly before this court and will not be considered.

**ASSIGNMENT OF ERROR NUMBER ONE**

Defendant alleges the trial court failed to put into the record a significant factual basis to support his guilty plea as required by *Alford,* 400 U.S. 25. Defendant was originally charged with two counts of molestation of a juvenile. In exchange for his guilty plea, one charge was reduced to indecent behavior with a juvenile, and the second charge was dismissed by the State. Defendant clearly stated that, under the circumstances, it was in his best interest to plead guilty, regardless of whether he maintained his innocence.

2

In *State v. J.S.*, 10-1233, p. 2 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185, 1187-88, this court explained the function and parameter of the "best interest" plea as follows:

> The "best interest" or *Alford* plea, which derives from the United States Supreme Court case of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pled guilty while maintaining his innocence. In *Alford*, the Supreme Court ruled that a defendant may plead guilty, without forgoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] . . . especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *Id.*, 400 U.S. at 31, 91 S.Ct. at 164; *State v. McCoil,* 2005-658 (La.App. 5th Cir.02/27/06), 924 So.2d 1120. In a case involving an *Alford* plea, the record must contain "strong evidence of actual guilt." *Id.*, 400 U.S. at 38, 91 S.Ct. at 167; *State v. McCoil, supra*;

*State v. Stevenson*, 45,371, pp. 4-5 (La.App. 2 Cir. 6/23/10), 41 So.3d 1273, 1277.

> Furthermore, when a defendant claims innocence and still makes an *Alford* plea, the trial court is put on notice that a substantial basis of guilt must be placed into the record. *State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, *writ denied*, 00-1175 (La.3/16/01), 786 So.2d 745.

> > [T]he standard under *Alford* is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]." *Id.* 400 U.S. at 31, 91 S.Ct. at 164.

*State v. Orman*, 97-2089, pp. 1-2 (La.1/9/98), 704 So.2d 245, 245.

At the guilty plea hearing, the trial court asked for a factual basis. The State offered the following as the factual basis for the plea:

> If called to trial, Your Honor, the State would prove that on or about February 1, 2010 to May 20, 2010, the defendant did commit the crime of indecent behavior in that he, being over 17 years of age, did

3

commit a lewd or lascivious act upon the person or in the presence of B. H., date of birth 2/10/2005, a child under the age of 17, where there is an age difference of greater than two years between the two persons.

The following conversation then took place between the trial court and

Defendant:

THE COURT: All right. And I know this is an *Alford* plea; is that right?

MR. FREGIA: Yes.

THE COURT: Now, I know Mr. Ned explained that to you, but I'm going to explain it to you and make sure the record is clear as to what you're doing. Your original charge was—what was the original charge?

MR. GILLORY: Molestation of a juvenile, Your Honor.

THE COURT: Two counts of molestation of a juvenile which is what you were being charged with. It was amended to one count of indecent behavior with a juvenile. That was a substantial benefit for you.

Now, under the United States Supreme Court case of *Alford v. North Carolina* you have a right to—rather than risk a more severe— being convicted of a more severe charge or a more severe punishment by going to trial, you have a right to plead guilty to a lesser offense even if you still maintain that you didn't commit the crime in order to minimize your potential for incarceration. The bottom line is because you think it's in your best interest to do so you're allowed to plead guilty without having to admit your guilt, which is different than a no contest plea where you say, well, I'm not going to contest those facts. This is basically where you're saying you believe that—you don't admit to those facts, but you believe it's in your best interest to enter a guilty plea to this charge rather than go to trial because you believe that there's a chance if you go to trial you could get convicted of these charges and do much, much more prison time, and possibly for the rest of your life go to prison is that correct?

MR. FREGIA: Yes sir.

THE COURT: And so rather than take the chance and go to trial and risk potentially going to prison for life you have opted to enter this guilty plea to the reduced charge of indecent behavior with a juvenile, one count, with a penalty range of 2 to 25 years because you believe it's in your best interest; is that correct?

4

MR. FREGIA: Yes sir, Your Honor.

THE COURT: All right. With that I will—so formally to the charge how do you plead? Under *Alford v. North Carolina* you want to enter a plea of?

. . . .

MR. FREGIA: A guilty plea on *Alford*—under *Alford*.

. . . .

THE COURT: So that's another part of this deal, too, is if you had gone to trial and been convicted not only would you face more severe penalties associated with those other charges if you were convicted, but you'd also face an habitual offender bill which would greatly increase your penalty beyond what it already would be under those more severe charges and possibly be subjected to life in prison. So that's another factor that you took into consideration in deciding to enter this plea; is that right, Mr. Fregia?

MR. FREGIA: Yes sir.

. . . .

THE COURT: All right. With that I do find that there is a sufficient factual basis to support the plea under *Alford v. North Carolina* and a sufficient basis for the defendant to enter the plea as an *Alford* plea. So I will accept the plea. I do find that it is freely and voluntarily given and order it to be entered of record.

Ordinarily, in the case of an *Alford* plea, when a defendant alleges that the record fails to contain a sufficient factual basis for his plea, the defendant has either filed a motion to set aside the guilty plea because it was not intelligently or knowingly made, or the defendant raises the constitutionality of the plea on appeal for the same reason. In such cases, if this court finds merit in the defendant's assertions, the remedy, depending on the circumstances of the case, is to either remand for a hearing to allow the State the opportunity to present a sufficient factual basis or to vacate the guilty plea, conviction, and sentence and remand the matter.

5

In *State v. Guilbeau*, 11-99 (La.App. 3 Cir. 6/22/11), 71 So.3d 1020, the defendant was charged with second degree battery. At the plea hearing, the trial court questioned the defendant concerning the facts of the case. The defendant agreed that he hit someone but asserted he was struck first. This court determined that statement was sufficient to raise the defense of justification and thereby "put the trial court on notice that a more detailed factual basis was needed to support the plea." *Id.* at 1029. This court conditionally affirmed the defendant's conviction and sentence on the evidence in the record on appeal and remanded the matter to the trial court to conduct an additional *Boykin* hearing to allow the state the opportunity to present a sufficient factual basis for the offense of second degree battery. This court further instructed the trial court to vacate the plea and sentence if the state failed to offer a sufficient factual basis for the offense.

In *State v. Farris*, 10-644 (La.App. 3 Cir. 12/8/10), 53 So.3d 537, the defendant was charged with forcible rape but entered an *Alford* plea to the reduced charge of second degree sexual battery. However, while the factual basis presented by the state supported the offense of forcible rape, the facts did not establish serious bodily injury, an essential element of second degree sexual battery. This court vacated the defendant's guilty plea, conviction, and sentence and remanded the matter. This court noted:

> While we agree that [the defendant] is entitled to the relief requested, we find that the remand should not have the effect of limiting the state to pursuing only the amended charge. That is to say, when a defendant's plea to a lesser offense is set aside at his request, the state may pursue further prosecution on the greater offense.

*Id.* at 540.

As noted above, Defendant makes no statement that his guilty plea was not intelligently or knowingly made nor does he state that he desires to withdraw the guilty plea. Also, as noted above, the standard under *Alford* is whether the strength

6

of the factual basis, coupled with the other circumstances of the plea, reflects that the plea was a voluntary and intelligent choice among the alternatives available to Defendant. The State argues that "the definition of indecent behavior with a juvenile is 'fairly straightforward'" and that there "was tremendous evidence of guilt in the record," referring to the two minor victims' statements made to the police which were attached to a discovery response in the record. The State argues "[t]hus, the defendant was put on notice of the charges and the precise allegations raised against him prior to pleading guilty."

The trial court did not request, nor was it provided with, any specific factual information regarding the offense of indecent behavior with a juvenile. The only information regarding the offense put into the record was essentially a recitation of the statute under which Defendant was charged. An indictment is not evidence of a defendant's guilt. It is, instead, a means to inform the defendant of the charges against him so that he may prepare for his defense. *State v. Galindo*, 06-1090 (La.App. 4 Cir. 10/3/07), 968 So.2d 1102, *writ denied*, 07-2145 (La. 3/24/08), 977 So.2d 952. The State further argues Defendant was put on notice of the charges and precise allegations when he acknowledged receipt of discovery. The acknowledgement occurred on November 19, 2010, at a pre-trial hearing concerning several motions filed by Defendant, wherein the State advised the trial court it had complied with Defendant's discovery request, and Defendant agreed he had received the documents.

Except for the victims' unverified statements attached to a discovery response, the record contains nothing pertaining to the facts of the case which would serve as substantial evidence of Defendant's guilt. *See State v. Graig*, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, in which the fifth circuit noted the trial court failed to recite specific evidence of defendant's guilt following an *Alford* plea

but stated only that a factual basis existed. However, a suppression hearing transcript which was in the record revealed a sufficient factual basis for the *Alford* plea. At the suppression hearing, a witness testified he saw the defendant shoot the victim and then run away.

Following the rationale in our decision in *Guilbeau*, we remand this matter for a hearing to allow the State the opportunity to present a factual basis for the plea. In *State v. Bowie*, 96-2987 (La. 1/31/97), 687 So.2d 369, the state supreme court implicitly approved this procedure as it granted writs to provide guidance regarding the new *Boykin* hearing but declined to exercise its supervisory authority further.

**ASSIGNMENT OF ERROR NUMBER TWO**

Defendant asserts the maximum sentence of twenty-five years imprisonment is excessive under the circumstances of his case. Defendant pled guilty to one count of indecent behavior with a juvenile under the age of thirteen years. The punishment for this offense is not less than two years and no more than twenty-five years. La.R.S. 14:81(H)(2). Defendant received the maximum sentence. In *State v. Semien*, 06-841, pp. 11-12 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied,* 07-448 (La. 10/12/07), 965 So.2d 397 (quoting *State v. Whatley*, 03-1275 (La.App. 3 Cir. 3/3/04), 967 So.2d 955), this court stated:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke,* 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225.

8

The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 La.5/31/96, 674 So.2d 957), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In his *pro-se* motion to reconsider the sentence filed in October 2011, Defendant requested only that the sentence be reduced to eight years with three years suspended so that he may resume paying child support for his children. In the motion to reconsider the sentence filed in December 2011, defense counsel asserted the maximum sentence was excessive considering that Defendant had no other offenses that were sexual in nature and that by pleading guilty, he accepted responsibility and expressed remorse for his actions.

At the hearing on the motion for reconsideration held in January 2012, the State argued that defense counsel's December motion for reconsideration was untimely filed. Louisiana Code Criminal Procedure Article 881.1(A) provides that a motion to reconsider must be filed within thirty days following imposition of sentence. Defense counsel, however, explained that rather than adopt the *pro-se* motion, he filed his own motion. The trial court agreed that defense counsel's motion was untimely filed.

The trial court indicated that if Defendant had filed a timely *pro se* motion, he would consider the timely filed motion. The trial court then stated at the time of sentencing he had considered everything and, unless there was something new, he was going to deny the *pro se* motion. Defendant gave no ground for reconsideration of his sentence in his *pro se* motion. Failure "to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). However, in the interest of

9

justice, this court will address this assignment of error limited to a bare bone review for excessiveness. *State v. Barling,* 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01- 838 (La. 2/1/02), 808 So.2d 331.

At the sentencing hearing, the trial court noted it had received the presentence investigation report. The trial court heard statements from Defendant's family and from the victims' mother, and heard arguments from Defendant and the State. The trial court noted the trauma suffered by the victims who were four and five years old at the time of the offenses. Furthermore, the trial court noted Defendant was living with the victims' mother and was in the position of caretaker at the time of the offenses. It further noted for the record that Defendant had a long history of criminal activity starting when he was a juvenile, mostly misdemeanors, and had two felony convictions for burglary. The trial court further noted Defendant was originally arrested on suspicion of two counts of aggravated rape which involved sentences of life imprisonment and two counts of sexual battery. The allegations were eventually reduced to two counts of molestation of a juvenile which could have resulted in at least fifty years imprisonment on each count considering Defendant was a multiple offender. Defendant was then allowed to plead guilty to one reduced count of indecent behavior with a juvenile and the remaining count of molestation was dismissed. As part of his plea agreement, the State agreed not to file a habitual offender bill against Defendant. The trial court noted that Defendant received a considerable benefit vis-à-vis the plea agreement. In *State v. Williams*, 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101, this court held that "[t]he trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1[,]" including "the benefit obtained by the defendant through the plea bargain."

10

Defendant cited four examples of lesser sentences for the same or similar crimes. In each of those cases, the facts distinguish each case from the current one. In *State v. Rideaux*, 05-446 (La.App. 3 Cir. 11/2/05), 916 So.2d 488, the defendant, a first time felony offender, was charged with and convicted of two counts of molestation of a juvenile and sentenced to eight years imprisonment on each count. The victims were two teenage girls who testified that the defendant rubbed their buttocks and breast. In *State v. Robinson,* 43,063 (La.App. 2 Cir. 2/13/08), 975 So.2d 853, the defendant was convicted of indecent behavior with a juvenile and received a suspended five year sentence. The offense was a single act of grabbing the fourteen year old victim by the buttock. The defendant admitted the act, but stated he thought the girl was an adult woman. In *State v. Taylor,* 95-179 (La.App. 3 Cir. 10/4/95), 663 So.2d 336, the defendant was convicted of sexual battery and attempted indecent behavior and sentenced to eight years and three years respectively, to be served consecutively. The sexual activity was a single occurrence. Defendant bathed with the eleven year old victim and performed oral sex on him. Defendant had a prior indecent behavior with a juvenile conviction. Finally, in an unpublished opinion, *State v. T.V.*, 08-344, 2008 WL 4415699 (La.App. 3 Cir. 10/1/08), the defendant, convicted of indecent behavior of a juvenile, oral sexual battery, and attempted forcible rape, received sentences of five years, eight years, and ten years respectively. The sentences were ordered to be served concurrently, with the eight year sentence to be served without the benefit of parole, probation, or suspension of sentence. The defendant was a first time felony offender.

In the present case, testimony at the sentencing hearing indicates Defendant sexually abused a four year old boy and five year old girl for several months. The presentence investigative report shows Defendant is a multiple offender who

11

greatly benefited from his plea agreement. While the maximum sentence of twenty-five years imprisonment is severe, considering the facts of the case, revealed at the sentencing hearing, we cannot say the trial court abused its considerable discretion when imposing the sentence.

## DECREE

This case is hereby remanded to the district court and the district court is ordered to conduct an additional *Boykin* hearing allowing the State an opportunity to present other evidence of Defendant's guilt at said hearing to be held within thirty days of the date of this opinion. The trial court is further ordered to prepare and lodge with this Court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once this record is lodged with this Court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing. Defendant may appeal from any adverse ruling on the issue of whether the factual basis is sufficient to support the plea. In the absence of such an appeal, this court will affirm the conviction.

**REMANDED WITH INSTRUCTIONS**.