# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-79


STATE OF LOUISIANA

VERSUS

**FRANK ALLEN FREGIA, JR.**


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 26126-10
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.


### AFFIRMED. MOTION TO WITHDRAW GRANTED.


**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, LA   70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Frank Allen Fregia, Jr.**

AMY, Judge.

The defendant entered an *Alford* plea to one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81. On appeal, the defendant's sentence was affirmed, but the matter was remanded with instructions that the trial court conduct another *Boykin* hearing in order to determine if there was a sufficient factual basis for the plea. After conducting that hearing, the trial court found that there was a sufficient factual basis. The defendant appeals. His counsel has filed a brief pursuant to *Anders* and has filed a motion to withdraw. For the following reasons, we affirm the defendant's conviction. Further, we grant his appellate counsel's motion to withdraw.

### Factual and Procedural Background

The defendant, Frank Allen Fregia, Jr., entered a plea of guilty to one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). In exchange for this guilty plea, the State reduced the charge against the defendant, *nolle prossed* a second charge involving another victim, and agreed not to institute habitual offender proceedings. Thereafter, the trial court sentenced the defendant to twenty-five years in the custody of the Department of Corrections, with credit for time served. The defendant appealed. A panel of this court affirmed the defendant's sentence but found that there was not a sufficient factual basis in the record to support his *Alford* plea. *See State v. Fregia*, 12-646 (La.App. 3 Cir. 12/5/12), 105 So.3d 999. Thus, the panel remanded the matter with instructions that "the district court is ordered to conduct an additional *Boykin* hearing allowing the State an opportunity to present other evidence of Defendant's guilt at said hearing[.]" *Id.* at 1007.

In accordance with those instructions, the trial court conducted an additional *Boykin* hearing whereat the State offered additional evidence concerning the factual basis for the defendant's guilty plea. More specifically, the State detailed the facts germane to the offense and offered photographs which were intended to corroborate the minor victim's statements. The trial court also re-*Boykinized* the defendant and questioned him concerning the voluntariness of his plea. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The trial court found that there was a sufficient factual basis to support the defendant's plea and that the plea was a voluntary and intelligent choice among the defendant's alternatives.

The defendant appeals. His appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Further, his appellate counsel has filed a motion to withdraw.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. Such a review was performed in *State v. Fregia*, 105 So.3d 999, and we note no additional errors patent here.

Anders *Brief and Motion to Withdraw*

The defendant's appellate counsel has filed a brief pursuant to *Anders*, alleging that there are no non-frivolous issues upon which to base an appeal. Further, he has also filed a motion to withdraw as the defendant's appellate counsel.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit addressed the appellate review of briefs filed pursuant to *Anders*, stating:

> When appointed counsel has filed a brief indicating that no
> non-frivolous issues and no ruling arguably supporting an appeal were

found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

The supreme court later sanctioned this procedure. *See*, *e.g.*, *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176.

Further, we observe that "[a]n *Anders* brief need not catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Thus, appellate counsel must review "not only the procedural history of the case and the evidence presented at trial but must also provide . . . 'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *Id.* at 242 (quoting *Mouton*, 653 So.2d 1176).

The defendant's counsel has filed such a brief in this matter. Appellate counsel observes that the State introduced evidence at the second *Boykin* hearing that corroborated the statements of the victims.[1] Further, appellate counsel notes that the trial court advised the defendant of his *Boykin* rights, including the right to counsel, his right to a trial where the State would be required to prove his guilt beyond a reasonable doubt, his right to confront the witnesses against him, and his right to remain silent. Further, the defendant acknowledged that his plea was free

---

[1] According to the record, the initial charges against the defendant encompassed allegations concerning two minor victims. However, the defendant eventually pled guilty to charges concerning only one of the minor victims.

and voluntary and that he had not been pressured or threatened to plead guilty. In this context, appellate counsel notes that the defendant acknowledged that his potential sentencing exposure, including the potential to be sentenced to life imprisonment as a habitual offender, influenced his decision to enter a guilty plea pursuant to *Alford*.

We observe that the defendant's appeal in this matter is limited to the issues not resolved in his previous appeal. *See Fregia*, 105 So.3d 999. In keeping with that observation, this court has performed an independent review of the record, including the pleadings, minute entries, the bill of information, and the transcripts. The defendant was provided an opportunity to file his own brief, but did not do so.

Our review of the record reveals that the defendant was present and represented by counsel at all crucial stages of the proceedings. Further, the record indicates that the defendant entered a free and voluntary guilty plea pursuant to *Alford*, after properly being advised of his rights in accordance with *Boykin*.

Thus, our review of the record has not revealed any issues which would support an assignment of error on appeal. Accordingly, appellate counsel's motion to withdraw is granted.

### DECREE

The conviction of the defendant, Frank Allen Fregia, Jr., for indecent behavior with a juvenile is affirmed. Appellate counsel's motion to withdraw is granted.

**AFFIRMED. MOTION TO WITHDRAW GRANTED.**