NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**14-598**


**STATE OF LOUISIANA**

**VERSUS**

**TYLON WOODWARD**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 138488
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**Michael Harson**
**District Attorney, 15th JDC**
**Ronald E. Dauterive**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Edward John Marquet**
**Louisiana Appellant Project**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Tylon Woodward**

**SAUNDERS, Judge.**

Defendant, Tylon Woodward, was charged by a bill of information with one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81, and one count of sexual battery, a violation of La.R.S. 14:43.1.

On January 7, 2013, Defendant filed a "Motion and Order for Appointment of Sanity Commission." The trial court ordered a sanity commission. On April 18, 2013, the trial court received reports from the commission and found Defendant to be competent to proceed to trial.

Defendant pled guilty pursuant to a plea agreement to indecent behavior with a juvenile on January 27, 2013. The charge of sexual battery was dismissed as part of the plea agreement. A presentence investigation report was ordered.

On April 16, 2014, Defendant was sentenced to twenty years imprisonment without the benefit of probation, parole, or suspension of sentence. Defendant did not object to the sentence following the hearing or file a motion to reconsider the sentence.

Defendant has perfected a timely appeal wherein he alleges the sentence was excessive in light of his age, first offender status, and mental condition.

**FACTS:**

Whereas Defendant pled guilty, the factual basis was as follows:

On or about September 12th, 2012, being a person over the age of 17, did willfully and unlawfully commit lewd or lascivious acts upon a juvenile, age four, or in her presence, where there was an age difference greater than two years between the two persons, with the intent of arousing or gratifying the sexual desires of either person, in violation of R.S. 14:81.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ASSIGNMENT OF ERROR:**

Defendant argues that his sentence of twenty years is excessive in light of the fact that he is young, a first time felony offender, and suffers a mental condition which predisposes him to deviant sexual behavior.

This court could choose to preclude review of the sentence pursuant to La.Code Crim.P. art. 881.1(E), which states:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Rather, we choose to review Defendant's assigned error as a bare excessiveness claim. *See State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324.

The statute regarding indecent behavior with a juvenile, in pertinent part, provides that "[w]hoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years." La.R.S. 14:81(H)(2). In this case, Defendant was sentenced to twenty years imprisonment without the benefit of parole, probation, or suspension of sentence, a near maximum sentence.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404

So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Salameh*, 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (quoting *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original)). Furthermore, the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a trial court's sentencing discretion, three factors may be considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *State v. Lisotta,* 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied,* 99-433 (La. 6/25/99), 745 So.2d 1183.

At the sentencing hearing, defense counsel advised the trial court regarding Defendant's medical history obtained from certain medical records. Defendant apparently had been treated for mental illness starting at around five years old and has been in and out of mental facilities since. He had been diagnosed with ADHD and bipolar disorder "with a sexual bend."

The trial court also heard from the parents of the four-year-old victim. The mother testified that Defendant was her husband's nephew. She testified that since the "incident," her daughter has had problems with nightmares and wetting the bed. She testified that she knew of his deviant sexual behavior and addiction to porn but explained he was left alone with the little girl while she breastfed her baby.

Defendant also testified, apologizing to the family of the victim, and expressed remorse for his behavior. He further testified that it had been years since he had seen his mother and months since he had spoken with his father. He stated that he had been living in Austin, Texas, with roommates until he was unable to pay his share of the rent and accused of breaking into one of the roommate's room.

The trial court stated for the record:

> All right. Well, I have reviewed the presentence report in this matter. I have reviewed the letters that were submitted with the report. I'm also considering the testimony that's been presented today, as well as the records that Mr. Colbert has introduced in this matter.
>
> This Court has considered all of these things in light of Article 894.1 of the Code of Criminal Procedure. And, Mr. Woodward, I make the following findings regarding sentence in this case:
>
> Your offense caused serious emotional trauma to the victim and her family. You knew the victim was particularly vulnerable in this case because of her tender age. You used your position or status as a family member to facilitate the commission of this offense.
>
> Up until today, you have shown little remorse for your actions, which makes me question whether you're actually remorseful or you're remorseful today because you're being sentenced.
>
> You have a history of this kind of sexual behavior. While I understand that you have family problems and I understand that your childhood was not perfect, there are many people that have family problems that don't use that as an excuse to victimize small children.
>
> You've already received a concession from the State in that they dismissed the companion charge of sexual battery, which certainly carried an even more onerous sentence.

In brief, Defendant cites *State v. Fregia*, 12-646 (La.App. 3 Cir. 12/05/12), 105 So.3d 999, wherein this court did not find the maximum sentence of twenty-five years imprisonment imposed on a single count of indecent behavior with a juvenile excessive under the circumstances. In *Fregia*, the defendant argued that the sentence was excessive. This court noted the defendant's extensive criminal history, including that he had originally been arrested in the instant case on two

4

counts of aggravated rape and two counts of sexual battery. The charges were then

reduced to two counts of molestation of a juvenile. He was then allowed to plea to

one count of indecent behavior with a juvenile. This court further noted:

> Defendant cited four examples of lesser sentences for the same or similar crimes. In each of those cases, the facts distinguish each case from the current one. In *State v. Rideaux,* 05-446 (La.App. 3 Cir. 11/2/05), 916 So.2d 488, the defendant, a first time felony offender, was charged with and convicted of two counts of molestation of a juvenile and sentenced to eight years imprisonment on each count. The victims were two teenage girls who testified that the defendant rubbed their buttocks and breast. In *State v. Robinson,* 43,063 (La.App. 2 Cir. 2/13/08), 975 So.2d 853, the defendant was convicted of indecent behavior with a juvenile and received a suspended five year sentence. The offense was a single act of grabbing the fourteen year old victim by the buttock. The defendant admitted the act, but stated he thought the girl was an adult woman. In *State v. Taylor*, 95-179 (La.App. 3 Cir. 10/4/95), 663 So.2d 336, the defendant was convicted of sexual battery and attempted indecent behavior and sentenced to eight years and three years respectively, to be served consecutively. The sexual activity was a single occurrence. Defendant bathed with the eleven year old victim and performed oral sex on him. Defendant had a prior indecent behavior with a juvenile conviction. Finally, in an unpublished opinion, *State v. T.V.,* 08-344, 2008 WL 4415699 (La.App. 3 Cir. 10/1/08), the defendant, convicted of indecent behavior of a juvenile, oral sexual battery, and attempted forcible rape, received sentences of five years, eight years, and ten years respectively. The sentences were ordered to be served concurrently, with the eight year sentence to be served without the benefit of parole, probation, or suspension of sentence. The defendant was a first time felony offender.
>
> In the present case, testimony at the sentencing hearing indicates Defendant sexually abused a four year old boy and five year old girl for several months. The presentence investigative report shows Defendant is a multiple offender who greatly benefited from his plea agreement. While the maximum sentence of twenty-five years imprisonment is severe, considering the facts of the case, revealed at the sentencing hearing, we cannot say the trial court abused its considerable discretion when imposing the sentence.

*Id.* at 1006-07.

In the current case, Defendant argues that unlike *Fregia*, he was a first time

felony offender. In *Fregia* there were two victims, and he greatly benefited from

his plea agreement as far as potential prison time. In the current case, Defendant

5

argues that he "had a diagnosed major mental disorder since age 5 years, no prior criminal history and received a modicum of benefit from the plea agreement."

In *State v. Patterson*, 09-199 (La.App. 3 Cir. 11/4/09), 21 So.3d 1119, the defendant was charged with indecent behavior with a juvenile. In *Patterson*, the defendant encountered the twelve-year-old victim in a church and attempted to get him to perform oral sex. The victim escaped. After conviction, the defendant was adjudicated a second felony offender. He had a prior conviction for the same offense. He was sentenced to twenty years imprisonment. There, this court did not find the defendant's enhanced sentence excessive considering he had a prior conviction for the same offense.

In the current case, the mother of the victim reported that Defendant had been living with the family for a while, but there is little information in the record regarding whether Defendant's behavior with the victim was a one-time occurrence. However, Defendant was also charged with sexual battery, which is defined, in pertinent part, as "the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim[.]" La.R.S. 14:43.1(A). Thus, it is clear that Defendant's behavior was more than exposing himself or showing pornography to the victim or such other non-contact sexual activity. Further, the victim indicated that Defendant touched her vagina and touched her face or arm with his penis.

Given the vast discretion given to the trial court, we cannot say that it abused that discretion when it sentenced Defendant to twenty years imprisonment without the benefit of parole. The record indicates Defendant has committed this type of sexual behavior with other minor victims.

6

**DISPOSITION:**

The trial court did not abuse its vast discretion when it imposed the sentence. The sentence, while harsh, is not such that it shocks this court's sense of justice considering the facts of the case. Accordingly, we affirm the sentence as imposed by the trial court.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.