# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-636

**STATE OF LOUISIANA**

**VERSUS**

**KENNETH ROMERO**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 98015-FB
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
## SYLVIA R. COOKS
### JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Trent Brignac**
**District Attorney**
**Nicole F. Gil**
**Assistant District Attorney**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Thomas E. Guilbeau**
**Jason W. Robideaux**
**P. O. Box 3331**
**Lafayette, LA 70502**
**(337) 232-7240**
**COUNSEL FOR APPELLANT:**
    **Kenneth Romero**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On October 19, 2013, Defendant, Kenneth Romero, while driving his Dodge pick-up truck, struck the victim, Jonathon Ben. As a result of the injuries suffered from the collision, Mr. Ben died. Defendant did not stop and render any assistance to Mr. Ben, nor did he call the police or any emergency assistance. Instead he fled the scene.

On February 5, 2014, Defendant was charged by bill of information with one count of vehicular homicide, in violation of La.R.S. 14:32.1, and one count of hit-and-run driving resulting in death, in violation of La.R.S. 14:100(C)(2). In anticipation of a plea agreement on March 3, 2017, the State amended the first count of the bill to negligent homicide, in violation of La.R.S. 14:32. At that time, Defendant pled guilty to negligent homicide and entered a plea in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) on the hit-and-run driving charge. Pursuant to *Alford*, trial counsel acknowledged for the record that he believed there was "sufficient and substantial evidence" of Defendant's guilt with respect to the hit-and-run driving charge without admitting guilt.

On May 10, 2017, the trial court sentenced Defendant to serve three and one-half years at hard labor and a twenty-five hundred dollar fine for negligent homicide and eight years at hard labor for the hit-and-run driving, with a twenty-five hundred dollar fine and three years of his sentence suspended with five years of supervised probation. The sentences were to run concurrently.

Defendant now appeals, raising a single assignment of error, namely, that the trial court erred in accepting Defendant's *Alford* plea when Defendant denied knowing his vehicle had struck the victim "without requiring the State to establish a substantial basis of guilt in the record." For the reasons discussed below, we find

2

no merit to Defendant's assignment of error and affirm his convictions and sentences.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. The court minutes of sentencing require correction. For the offense of negligent homicide, the sentencing minutes reflect that the court imposed a sentence of three and one-half years at hard labor and that upon release, Defendant is to be placed on five years of supervised probation.

The sentencing transcript indicates that on the negligent homicide charge, a hard labor sentence of three and one-half years was imposed with *no portion of the sentence being suspended and Defendant not being placed on probation*. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

Accordingly, the trial court is ordered to correct the sentencing minutes to accurately reflect Defendant's sentence for negligent homicide.

## ASSIGNMENT OF ERROR

Defendant's only assignment of error relates to his conviction for hit-and-run driving, a violation of La.R.S. 14:100, which states: "Hit and run driving is the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity, and to render reasonable aid." Additionally, La.R.S. 14:100(C)(2) provides for a greater penalty "when death or serious bodily injury is a direct result of the accident and when the driver knew or should have known that death or serious bodily injury has occurred."

In his sole assignment of error, Defendant argues the trial court erred by accepting his *Alford* plea to hit-and-run driving because the trial court should have

3

known there was a serious question regarding whether or not Defendant "knew or should have known that death or serious bodily injury has occurred."

Defendant's argument, despite his semantic use of the term "specific knowledge" throughout, is that the trial court should have required a more in-depth factual basis because there was a question regarding Defendant's intent. Namely, he argues that he had no idea he hit the victim until he noticed a dent in his vehicle the following morning, which indicates he did not have the necessary "specific knowledge." His entire argument is based on the false belief that hit-and-run driving requires specific intent, which it does not. The supreme court noted in *State v. Williams*, 03-3514, p. 13 (La. 12/13/04), 893 So.2d 7, 16, that hit-and-run driving is a general intent crime where "the criminal intent necessary to sustain a conviction for hit-and-run driving is established by the very doing of the act, *i.e.* hit-and-run driving."

Voluntary intoxication does not negate general intent. See La.R.S. 14:15. Therefore, the fact that Defendant claims he was too intoxicated to remember hitting anyone has no bearing on whether or not he had the intent to commit hit-and-run driving. Additionally, while Defendant now claims the trial court and the State both should have known that a more substantial basis of guilt must be placed into the record, the trial court specifically asked Defendant and both of his attorneys if they were satisfied with the factual basis recited by the State. All three stated that they were satisfied with the factual basis. Thus, in light of the above, there is no issue with the factual basis given at the time of Defendant's plea.

"[T]he standard under Alford is whether the strength of the factual basis, coupled with the other circumstances of the plea, reflects that the plea was a voluntary and intelligent choice among the alternatives available to Defendant." *State v. Fregia*, 12-646, pp. 6-7 (La.App. 3 Cir. 12/5/12), 105 So.3d 999, 1004. Prior to the reading of the factual basis, Defendant and his attorneys acknowledged

4

there was sufficient evidence to convict him of hit-and-run driving. They likewise failed to object to the factual basis after it was read. Finally, the basis specifically noted that Defendant hit the victim, Mr. Jonathon Ben, with his truck, failed to stop or render aid in any way, and Mr. Ben died as a result. Therefore, we find no merit to Defendant's assignment of error.

## DECREE

For the foregoing reasons, Defendant's convictions and sentences are affirmed; however, the trial court is ordered to correct the sentencing minutes to accurately reflect Defendant's sentence for negligent homicide.

**AFFIRMED WITH INSTRUCTIONS.**